IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN R. TYRRELL,<br>　　　Plaintiff, | : | |
| | : | Civil Action No. 3:14-cv-2306 |
| v. | : | (Judge Mariani) |
| DAUPHIN COUNTY PRISON, *et al.*,<br>　　　Defendants. | : | |

## **MEMORANDUM**

Plaintiff, Jonathan Tyrrell, an inmate currently confined at the Dauphin County Prison, initiated the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The named Defendants are the Dauphin County Prison; Dominick DeRose, Warden at the Dauphin County Prison; and, the Medical Department at the Dauphin County Prison. (*Id.*). In the complaint, Plaintiff alleges that he fell out of his top-bunk bed, suffered injuries, and received inadequate medical care at the Dauphin County Prison. (*Id.* at pp. 2-3). Presently pending before the Court are Plaintiff's motions to appoint counsel filed on January 23, 2015 and February 26, 2015. (Docs. 20, 27). On February 6, 2015 and March 12, 2015, Defendants filed briefs in opposition to the motions. (Docs. 22, 32).

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> (4) the plaintiff's capacity to retain counsel on his or her own behalf;
> (5) the extent to which the case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has arguable merit, Plaintiff fails to set forth any circumstances warranting the appointment of counsel. See *Tabron*, 6 F.3d at 155-56. Notably, Plaintiff fails to state any facts in support of his requests for counsel. He merely states that he is "pro-se, in-forma-pauper[i]s, diligently asking the court to aide him in attaining representation for this case." (Docs. 20, 27). Plaintiff also alludes to the alleged complexity of the legal issues in his case. *See* (Doc. 27). However, upon review, the legal issues herein are relatively simple and likely will not require expert testimony.

In his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. He has demonstrated the ability to present arguments and relevant legal research supporting his claims in a clear and concise manner. *See* (Docs. 24, 29, 30). Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities.

It is also noted that this Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motions for appointment of counsel will be denied, however

said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order follows.

Date: March 13, 2015

Robert D. Mariani
United States District Judge