# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN R. TYRRELL,
    Plaintiff,

v.

DAUPHIN COUNTY PRISON, *et al.*,
    Defendants.

Civil No. 3:14-cv-2306

(Judge Mariani)

## **MEMORANDUM**

Plaintiff, Jonathan Tyrrell, an inmate currently confined at the Dauphin County Prison, initiated the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* an amended complaint (Doc. 19), wherein Plaintiff names the following Defendants: Dauphin County Prison, Warden Dominick DeRose, (collectively, "Dauphin County Defendants"), and PrimeCare Medical, Inc. ("PrimeCare")[1]. (*Id.*).

Before the Court is a motion to dismiss filed by the Dauphin County Defendants. (Doc. 23). For the reasons set forth below, the Dauphin County Defendants' motion to dismiss will be granted. (Doc. 23).

Also before the Court are two motions to dismiss filed by Defendant PrimeCare. (Docs. 11, 21). As discussed below, Defendant PrimeCare's motion (Doc. 11) to dismiss the original complaint will be denied as moot, whereas their motion (Doc. 21) to dismiss the amended complaint will be granted.

---

[1] Incorrectly identified in the amended complaint as "Dauphin County Medical Dept." *See* (Doc. 19).

## I. Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the

elements a plaintiff must plead to state a claim. Second, the court should
identify allegations that, because they are no more than conclusions, are not
entitled to the assumption of truth. Finally, where there are well-pleaded
factual allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

Id.

## II. Allegations of the Amended Complaint

Plaintiff complains that the top bunk beds at the Dauphin County Prison do not have proper safety rails and ladders. (Doc. 19 at 3). Based on the lack of safety rails, Plaintiff alleges that he fell out of the top bunk of his bed on October 25, 2014, causing the right side

3

of his body to hit the floor. (*Id.* at 2). As a result of the fall, Plaintiff alleges that he suffers from pain in his neck and shoulder, constant headaches, dizziness, blurred vision, and echoed hearing. (*Id.*).

Plaintiff claims that he reported this incident to a correctional officer, and was treated by the medical department on October 28, 2014. (*Id.*). Plaintiff underwent an examination and received in x-ray. (*Id.*). The x-ray confirmed that Plaintiff had no broken bones, though the medical department allegedly determined that he suffered from severe bruising on the right side of his body. (*Id.*). Plaintiff asserts that, although he also complained of pressure in the right temple, he did not undergo any further testing. (*Id.* at 3). Plaintiff states that he was prescribed Topomax and Motrin to treat his headaches and pain. (*Id.* at 4).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. PrimeCare Medical, Inc.'s Motion to Dismiss the Original Complaint

Defendant PrimeCare initially filed a motion (Doc. 11) to dismiss Plaintiff's original complaint (Doc. 1). However, Plaintiff subsequently filed an amended complaint. (Doc. 19). *See* FED. R. CIV. P. 15(a)(1)(B) (a party may amend its pleading once as a matter of course within . . . "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). A timely filed amended pleading supersedes the original pleading, and motions directed at superseded pleadings are to be denied as moot. *See Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 239-40 (D. Del. 1992) (concluding that the plaintiff's filing of an amended complaint rendered the defendants' motion to dismiss the original complaint moot). Thus, Defendant PrimeCare's motion (Doc. 11) to dismiss Plaintiff's original complaint will be denied as moot.

## B. PrimeCare Medical, Inc.'s Motion to Dismiss the Amended Complaint

### 1. Deliberate Indifference to Medical Needs

Plaintiff appears to allege that Defendant PrimeCare was deliberately indifferent to

his serious medical needs.[2] The Court concludes that the "deliberate indifference" described throughout Plaintiff's amended complaint simply does not rise to the level of a cognizable constitutional violation.

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the

---

[2] Plaintiff's claims are based on his status as a pretrial detainee. (Doc. 19 at 4). Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, not the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, the Fourteenth Amendment provides "at least as much protection as does the Eighth Amendment," and in cases involving allegations of inadequate medical care, the Third Circuit Court of Appeals typically reviews both claims using the Eighth Amendment standard. *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 89 n.2 (3d Cir. 2011) (nonprecedential) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Therefore, the Court will analyze Plaintiff's claims pursuant to the Eighth Amendment standard.

medical need is of the serious nature contemplated by the eighth amendment." *Id.* (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); *see also McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976), *cert. denied*, 450 U.S. 1041 (1981).

Assuming *arguendo* that Plaintiff has a serious medical need, the Court must determine whether Plaintiff has pled a deliberate indifference to that need. The allegations in Plaintiff's amended complaint clearly demonstrate that he received medical attention at the Dauphin County Prison, and that the attention he received lacks the requisite deliberate indifference to support a § 1983 claim. Plaintiff acknowledges that he was promptly treated by the medical department after he fell out of his top-bunk. (Doc. 19 at 2). At the medical department, Plaintiff was examined, received an x-ray, and was prescribed medications for

his pain. (*Id.* at 2-4). Plaintiff admits that the x-ray revealed no broken bones, and the examination only revealed bruising to the right side of his body. (*Id.* at 2). To the extent that Plaintiff is dissatisfied with the treatment he received, such disagreement does not rise to the level of a cognizable Eighth Amendment claim. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). This is particularly true in light of the fact that there are no allegations in the amended complaint that any Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon him. *See Farmer*, 685 F. Supp. at 1339; *Rouse*, 182 F.3d at 197. Nor is there any indication from Plaintiff that he informed anyone at Dauphin County Prison that he believed he should have received additional treatment. The allegations in Plaintiff's amended complaint amount to nothing more than a subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. *See Carpenter v. Kloptoski*, No. 08-cv-2233, 2012 WL 983565, at *6 (M.D. Pa. 2012) (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)) (observing that "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"). Claims of medical malpractice and disagreements as to the proper course of medical treatment simply do not suffice to satisfy the deliberate indifference standard. *See Monmouth Cty.*, 834 F.2d at 346. Courts will not second guess whether a particular course of treatment is adequate or proper. *See Parham*

8

v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Based on the foregoing, Plaintiff's amended complaint fails to articulate a plausible civil rights claim against Defendant PrimeCare.

### 2. *Monell* Claim

To the extent that Plaintiff attempts to establish liability against PrimeCare on a theory of municipal liability under § 1983, this claim must be dismissed. To establish a viable § 1983 claim against a private corporate entity[3] such as PrimeCare, a plaintiff must allege that the entity had a policy, practice, or custom which caused injury to the plaintiff. *See Adonai-Adoni v. King*, No. 07-3689, 2009 WL 890683, at *2 (E.D. Pa. 2009) (noting that a private medical provider can only be liable under § 1983 if claim rests "upon some policy, practice or custom"); *see also Carpenter*, 2010 WL 891825, at *8 (concluding that a § 1983 claim against a private medical service solely on the basis that it was responsible for providing health care is subject to dismissal). Defendant PrimeCare, a private corporate entity, cannot be held liable for acts of its employees under a theory of *respondeat superior* or vicarious liability. *See Natale*, 318 F.3d at 583 (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Plaintiff alleges that he received inadequate medical treatment at the Dauphin

---

[3] A private corporation contracted to provide medical services within a correctional facility is held to the same standard of liability under § 1983 as is a municipality. *See, e.g.*, *Natale*, 318 F.3d at 583-84 (analyzing § 1983 claim against private medical provider at county prison under municipal liability standard).

9

County Prison. However, Plaintiff's amended complaint is devoid of facts demonstrating that any perceived deficiency in his medical treatment was the result of PrimeCare's policies, customs, or practices. Plaintiff fails to establish that PrimeCare maintained a policy or practice that violated his constitutional rights, and he appears to sue PrimeCare simply as the entity responsible for providing prison health care. Accordingly, Plaintiff's § 1983 claim against PrimeCare will be dismissed.

### C. Dauphin County Defendants' Motion to Dismiss the Amended Complaint

#### 1. Dauphin County Prison

As an initial matter, the Court notes that Dauphin County Prison is not a separate legal entity subject to suit under § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); *Ogden v. Huntingdon County*, 2007 U.S. Dist. LEXIS 59808, *7 (M.D. Pa. 2007) ("prisons and other correctional facilities are not 'persons' within the meaning of § 1983"). Hence, the Court will dismiss Plaintiff's claims against the Dauphin County Prison.

#### 2. Personal Involvement and *Monell* Liability

The Dauphin County Defendants seek dismissal of the amended complaint based on Plaintiff's failure to state a valid cause of action.[4] *See* (Doc. 26). In the alternative, the

---

[4] The Dauphin County Defendants further argue that Plaintiff failed to plead that he suffered more than a *de minimis* injury. (Doc. 26 at 4-5). Title 42 U.S.C. § 1997e(e), conditions a prisoner's claim for mental or emotional injury, suffered while in custody, on a showing of accompanying physical injury. A

10

Dauphin County Defendants maintain that Plaintiff failed to exhaust the available administrative remedies. (*Id.* at 12-16). For the reasons set forth below, the Court will grant the motion based on failure to state a claim upon which relief can be granted; thus, the Court does not consider the alternative argument that Plaintiff failed to exhaust administrative remedies.

The Dauphin County Defendants argue that Plaintiff fails to state a claim against Defendant DeRose because he lacks personal involvement in the alleged wrongs. (Doc. 26 at 6-9). They further assert that Plaintiff's amended complaint fails to state a claim for municipal liability under *Monell*, 436 U.S. 658. (*Id.* at 10-11). The Court agrees with Defendants on both points.

Regarding *respondeat superior* liability, it is well-established that:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As the Supreme Court of the United States has observed:

> Government officials may not be held liable for the unconstitutional conduct of

---

"less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury" is required in order to pursue such a claim. *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). The Court finds that Plaintiff has alleged an adequate, more than *de minimis*, physical injury, and will address the merits of Plaintiff's claims.

> their subordinates under a theory of *respondeat superior*.... *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *see also Dunlop v. Munroe*, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); *Robertson v. Sichel*, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

*Iqbal*, 556 U.S. at 675.

Additionally, for purposes of Eighth Amendment medical claims, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The rationale for this rule has been aptly explained by the United States Court of Appeals for the Third Circuit as follows:

> If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, nonmedical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability. Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or

their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Courts have repeatedly held that, absent some reason to believe that prison medical staff are mistreating prisoners, non-medical corrections staff who refer inmate medical complaints to physicians may not be held personally liable for medically-based Eighth Amendment claims. See, e.g., id. at 236-37 (citing Durmer, 991 F.2d at 69); Garvey v. Martinez, No. 08-2217, 2010 WL 569852, at *6-7 (M.D. Pa. 2010); Hodge v. United States, No. 06-1622, 2007 WL 2571938, at *5-6 (M.D. Pa. 2007). Moreover, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred.

Applying these constitutional benchmarks, it is apparent that with respect to Defendant Warden DeRose, Plaintiff's amended complaint fails to state a claim upon which relief can be granted. A review of the amended complaint confirms that there are no specific assertions that Defendant DeRose had any personal involvement in the purported violations of Plaintiff's rights under the Eighth Amendment. (See generally Doc. 1). Moreover, Plaintiff fails to even mention Defendant DeRose in the allegations of the amended complaint. Plaintiff does not allege that Defendant DeRose caused his fall, knew of any need for bed rails, or was aware of any risk of harm to Plaintiff; nor does Plaintiff

assert that Defendant DeRose knew of Plaintiff's alleged injuries, or knew that Plaintiff required medical attention. *See Farrington v. Vaughn*, 1990 WL 158363 (E.D. Pa. 1990) (dismissing an inmate's civil rights complaint, alleging that he was injured while attempting to climb down from the top bunk, against the prison superintendent because the plaintiff failed to allege any facts indicating that the superintendent participated in or had actual knowledge of and acquiesced in the events giving rise to the complaint). Additionally, assuming knowledge could be imputed regarding the lack of safety rails on the top bunks, such conditions do not pose an excessive risk of serious harm. *See Patton v. Doran*, 2005 WL 2334367, *2 (M.D. Pa. 2005) (even assuming personal involvement could be inferred, the Court determined that the inmate's allegation that prison officials acted with deliberate indifference by failing to install safety rails on top bunks fails to state a claim because the condition did not create a substantial risk of serious harm). Accordingly, Plaintiff's claims against Defendant DeRose will be dismissed for lack of personal involvement. *See Williams v. Beard*, 2011 U.S. Dist. LEXIS 17562, *6 (M.D. Pa. 2011) (dismissing the inmate's claims, that he should not have been assigned to the top bunk, against the superintendent because the complaint did not allege personal involvement, specifically how the superintendent participated in the decision to assign the inmate to a top bunk).

Plaintiff's amended complaint is, in essence, an assertion of *respondeat superior* liability which seeks to hold Defendant DeRose liable based on his supervisory role of

14

Warden of the Prison. This ground of constitutional liability has been squarely rejected by the courts. *See Rode*, 845 F.2d at 1207. To the extent that Plaintiff relies on a *respondeat superior* theory of liability, the claims against Defendant DeRose will likewise be dismissed.

To the extent Plaintiff seeks to assert a § 1983 supervisory liability claim against Defendant DeRose, the same must also be dismissed. "To hold a supervisor liable for such an Eighth Amendment violation, the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 330 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Here, Plaintiff's amended complaint is devoid of facts demonstrating that any policies or procedures in effect at the time created an unreasonable risk of constitutionally inadequate medical care, let alone facts demonstrating that Defendant DeRose failed to implement such a policy or procedure. Hence, the Court will dismiss all claims against Defendant DeRose.

Finally, the Court notes that Plaintiff's amended complaint names only the Dauphin County Prison as a defendant, and not Dauphin County itself. Dauphin County Prison must

be dismissed from this action as discussed above, and, thus, the Court's inquiry could appropriately end here. Out of an abundance of caution, however, the Court will address Dauphin County's potential municipal liability. To the extent Plaintiff seeks to assert a municipal liability claim against Dauphin County, the same must also be dismissed. A municipality may be held liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of constitutional rights or 'causes' a person 'to be subjected' to such deprivation." *Monell*, 436 U.S. at 692. Thus, a plaintiff seeking to impose constitutional liability on a municipality must meet the difficult burden of proving that "action pursuant to official municipal policy" caused their injury. *Id.* at 691, 694. This requires the plaintiff to identify an official or unofficial municipal policy, including "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law," *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359 (2011) (citations omitted), and demonstrate that said policy was the "moving force" behind his injury, *Berg v. Cty. of Allegheny*, 219 F.3d 261, 275-76 (3d Cir. 2000) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)).

The amended complaint is devoid of any facts identifying a specific policy or custom of Dauphin County to which Plaintiff attributes his injury. *See McTernan v. City of York*, 564 F.3d 636, 657-58 (3d Cir. 2009) (finding that plaintiff "failed to satisfy the 'rigorous standards of culpability and causation' required for municipal liability" when plaintiff did not "specify the

16

relevant 'custom' or 'policy'" and did not "allege conduct by a municipal decisionmaker" or "knowledge by a municipal decisionmaker"). Moreover, Plaintiff does not allege that such policy, to the extent it might exist, was the "moving force" behind his injury. *Berg*, 219 F.3d at 275-76 (quoting *Brown*, 520 U.S. at 404). Plaintiff thus cannot maintain a *Monell* claim against Dauphin County, and any such claim contained in his amended complaint will be dismissed.

### 3. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Crouse v. S. Lebanon Twp.*, 668 F. Supp. 2d 664, 671 (M.D. Pa. 2009). This doctrine provides "not only a defense to liability, but 'immunity from suit.'" *Milhouse v. Gee*, 2011 U.S. Dist. LEXIS 91749, *25 (M.D. Pa. 2011) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

"[C]laims of qualified immunity are to be evaluated using a two-step process." *Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2001) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). First, the Court must determine "whether 'a constitutional right would have been violated on the facts alleged' and, if so, whether the right was 'clearly established.'" *Kelly v.*

17

*Borough of Carlisle*, 544 Fed. App'x 129, 134 (3d Cir. 2013) (quoting *Saucier*, 533 U.S. at 200-01). However, the Court is no longer required to conduct these two inquiries sequentially. *Pearson*, 555 U.S. at 239-41. "[C]ourts may look to whether the law prohibiting a defendant's conduct was clearly established without first determining whether there was a constitutional violation under the circumstances presented." *Kelly*, 544 Fed. App'x at 134 (citing *Pearson*, 555 U.S. at 236). If the right was clearly established, "then a court must inquire as to 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Carvalho v. Bledsoe*, 2012 U.S. Dist. LEXIS 137937, *37 (M.D. Pa. 2012) (quoting *Saucier*, 533 U.S. at 201).

Defendant DeRose argues that he is entitled to qualified immunity because he did not violate any of Plaintiff's constitutional rights. (Doc. 26 at 11). For the reasons explained herein, the Court has determined that there are no allegations of the personal involvement of Defendant DeRose, thus there is no evidence that he engaged in clearly unlawful conduct. Accordingly, Defendant DeRose is entitled to qualified immunity.

## IV. Conclusion

For the reasons set forth above, Defendant PrimeCare's motion (Doc. 11) to dismiss the original complaint will be denied as moot. Defendant PrimeCare's motion (Doc. 21) to dismiss the amended complaint will be granted. Additionally, the motion (Doc. 23) to dismiss filed by the Dauphin County Defendants will be granted.

An appropriate order shall issue.[5]

Date: September 18, 2015

*Robert D. Mariani*
United States District Judge

---

[5] A district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re NAHC, Inc. Securities Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). This matter is presently proceeding on Plaintiff's amended complaint. Under the circumstances, allowing plaintiff the opportunity to file a second amended complaint would be futile.